IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

HERMAN C. KIDD                                                                               PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:15-cv-0064-NBB-SAA

WAL-MART DISTRIBUTION CENTER 6072 and
MARTEN TRANSPORT, LTD.                                                             DEFENDANTS

## **MEMORANDUM OPINION**

Presently before this court are defendants', Wal-Mart Distribution Center 6072 and Marten Transport, Ltd's motions to dismiss. Upon consideration of the motions, responses, and applicable authority, and being fully advised in the premises, the court is ready to rule.

Factual and Procedural Background

The plaintiff, Herman C. Kidd, brings this action against Wal-Mart Distribution Center 6072 ("Wal-Mart") and Marten Transport, Ltd. ("Marten"). Mr. Kidd worked as a truck driver for Marten – a contractor under obligation to deliver goods to several Wal-Mart distribution centers in Mississippi.

On March 31, 2014, Mr. Kidd, made deliveries to three different Wal-Mart distribution centers – one of which is located in Cleveland, Mississippi. At the Cleveland distribution center, Mr. Kidd complained of delays while goods were being unloaded from the truck he was driving. After leaving the Cleveland distribution center, the plaintiff called Marten's dispatch to make an oral complaint. As admitted in Mr. Kidd's pleadings, Mr. Kidd stated to the Marten's dispatch operator that "[he] was the only white person back there" and "there were several blacks that weren't try[ing] to get [him] unloaded on a timely schedule."

The following day a Marten representative contacted Mr. Kidd and terminated his employment.  Mr. Kidd also states he was banned from the Wal-Mart premises soon thereafter.  Mr. Kidd claims that both defendants are equally at fault for his termination and banishment and that he could have continued working in the same capacity until retirement, had his employment not been terminated.

On March 31, 2015, Mr. Kidd filed a complaint in the Circuit Court of Union County, Mississippi.  On April 24, 2015, Wal-Mart removed the case to this court on the basis of diversity jurisdiction.  The plaintiff seeks damages in the amount of $400,000 against each defendant for wrongful termination, wrongful banishment, and defamation of character.   On May 1, 2015, Marten filed a 12(b)(6) motion to dismiss the case for failure to state a claim.  Wal-Mart subsequently filed its motion to dismiss for failure to state a claim on May 4, 2015.

## Standard of Review

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of a claim.  A complaint must plead "enough facts to state a claim to relief that is plausible on its face," and only a complaint which does so can survive a motion to dismiss.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 547 (2007).  Although the motion to dismiss is "viewed with disfavor and rarely granted," the motion is ultimately determined by whether the plaintiff presents sufficient factual evidence of a claim to relief.  *Lowery v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).  Complaints are "liberally construed in the plaintiff's favor," but the court will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."  *Priester v. Lowndes County,* 354 F.3d 414, 419 (5th Cir. 2004); *Plotkin v. IP Axess Inc.,* 407 F.3d 690, 696 (5th Cir. 2005).

Analysis

The plaintiff makes several allegations against the defendants throughout his complaint and subsequent answers and amendments to the complaint – including wrongful termination, banishment from Wal-Mart's premises, and defamation of character. The plaintiff additionally alleges a violation of his "human and civil rights" as a result of his termination by Marten. Each of the claims presented by the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 547. This court finds no sufficient facts for the claims within the plaintiff's complaint which would present a plausible claim to grant relief.

Mr. Kidd's primary allegation against the defendants is wrongful termination. Mr. Kidd states that his "discharge" from Marten was not proper, and that Marten terminated his employment without just cause. However, the State of Mississippi is an employment-at-will state: "[t]he general rule of employment at will is that a contract for employment for an indefinite period may be terminated at the will of either party, whether the termination is for any reason or no reason at all." *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 852 So. 2d 25, 26 (Miss. 2003). Under Mississippi law, there are two narrow exceptions to the general at-will employment standard: (1) an employee discharged for refusing to "participate in an illegal act" at the request of his employer and (2) an employee discharged for "reporting the illegal acts of his employer." *McArn v. Allied Bruce-Terminix Co., Inc.* 626 So. 2d 603, 607 (Miss. 1993). These narrow public policy exceptions are allowed in order to uphold the "employer's duty not to thwart the public interest by terminating employees for speaking the truth." *Community Care Center of Aberdeen v. Barrentine,* 160 So. 3d 216, 220 (Miss. 2015).

The plaintiff's complaint does not support a claim for wrongful termination under Mississippi law, as the public policy exceptions are not invoked by the plaintiff's assertions.

Marten may choose to end Mr. Kidd's employment at any point, without justification, excluding the two public policy exceptions mentioned. The plaintiff was not asked by either Wal-Mart or Marten to perform an illegal activity, nor did the plaintiff report any such illegal activity. His termination was not within the bounds of the public policy exceptions provided in *McArn*. As such, this claim should be dismissed.

Mr. Kidd also believes the defendants to have wronged him by defaming his character. As a result of Mr. Kidd's termination, perceivably based on comments Mr. Kidd relayed to Martin's dispatch, Mr. Kidd believes Wal-Mart "made [him] out to be a racist," and as such, defamed his character. No other facts were alleged to support Mr. Kidd's declaration.

"The tort of defaming a person's character or reputation is actionable under the common law doctrine of slander." *Barmada v. Pridjian* 989 So. 2d 359, 362 (Miss. 2008) (citing *Speed v. Scott,* 787 So. 2d 626, 631 (Miss. 2001). Defamation, in particular, is a tortious act which "injure[s] reputation in the popular sense" and "diminish[es] the esteem, respect, goodwill or confidence in which the plaintiff is held, or [ ] excite[s] adverse, derogatory or unpleasant feelings or opinions against him." *Id.*

Mr. Kidd claims that Marten and Wal-Mart defamed his character, but fails to contend any facts in support of such a claim. Mr. Kidd proffered no explanation or facts to support the contention that his reputation had been injured or that any goodwill had been diminished. Without facts to make the claim "plausible" on face value, or taken as true, the claim must be dismissed. *Twombly,* 550 U.S. at 547. Further, the court is unable to accept as true, conclusory allegations. *Priester*, 354 F.3d at 419; *Plotkins,* 407 F.3d at 696. Mr. Kidd's suggestion of defamation alone, without support, is nothing more than a conclusory allegation. Therefore, the claim of defamation of character must also dismissed.

In addition to wrongful termination and defamation of character, the plaintiff alleges wrongful banishment from Wal-Mart premises. Mr. Kidd states he was asked not to return to the Wal-Mart distribution center after he was terminated from Marten's employment. It is helpful to note, Mr. Kidd is not claiming he was banished from one, or all, or any Wal-Mart consumer sales location. Wal-Mart distribution centers are considered private property and generally not open to the public in the same manner as a consumer location. Wal-Mart maintains ownership of the store building and premises and may "use the premises they control in whatever fashion they desire, so long as the law is obeyed." *Biglane v. Under The Hill Corp.,* 949 So. 2d 9, 16 (Miss. 2007). "Generally speaking, it cannot be malicious for a person to refuse access to others to their private property." *Graham v. Wal-Mart Stores, Inc.*, No. 3:11CV68, 2013 WL 3944281, at *2 (N.D. Miss. July 31, 2013) (appeal dismissed) (citing *Biglane,* 949 So. 2d at 16). To exclude an individual from its private property is an ownership right which Wal-Mart maintains. The Court finds no basis for the claim of banishment in Mississippi common law or applicable statutory authority. For these reasons, the plaintiff's claim of wrongful banishment should be dismissed.

As his final contention, the plaintiff asserts he is a victim of a "human and civil rights" violation and, as such, assumes the status of a "whistle blower" against defendant Martin. Although it is not entirely clear, it appears the plaintiff claims "whistle blower status" as a result of his report to Marten's dispatch. Mr. Kidd directs to no statutory authority from which this status could be derived; and further provides no theory as to what activity or incident plaintiff "uncovered" related to defendant Martin that would allow plaintiff such protections.

While Mississippi does protect the wrongful termination of employees reporting illegal activities of their employers or for not participating in the illegal activity, the public policy exceptions of the at-will employment standard are not applicable to the present facts. Mr. Kidd

was not terminated for reporting an illegal activity or for refusing to participate in an illegal activity; rather, Mr. Kidd issued a complaint to the Marten dispatch regarding his opinion of the Wal-Mart employees' work ethic. Such a complaint is not protected by Mississippi law. This claim must also be dismissed.

## Conclusion

For the forgoing reasons, the court finds the defendants' motions to dismiss are well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 29th day of June, 2015.

>   */s/ Neal Biggers*
>   **NEAL B. BIGGERS, JR.**
>   **SENIOR U. S. DISTRICT JUDGE**